IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JEROME COLLINS                                                                               PLAINTIFF

v.                                                                                  No. 2:07CV167-P-B

CLARKSDALE POLICE DEPT., ET AL.                                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jerome Collins, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff was arrested on June 30, 2007, for burglary of a commercial building. He was never advised of his *Miranda* rights. In addition, when he made his first appearance in court, the judge informed him that he could obtain a reduction in bond only if he waived his preliminary hearing.

### Discussion

Failure to read a criminal defendant his rights under *Miranda* does not give rise to a constitutional violation and thus does not state a claim under 42 U.S.C. § 1983. *Chavez v. Martinez*, 538 U.S. 760, 772-73, 123 S.Ct. 1994, 2003-04 (2003). As the plaintiff has not established a constitutional violation for this claim, it shall be dismissed.

The plaintiff has alleged that the judge based his decision regarding reduction of bond upon whether the plaintiff waived his preliminary hearing, but he has not presented any authority holding that the actions of the judge violated the laws or Constitution of the United States. Indeed, a state criminal prosecution may proceed in the absence of a preliminary examination as "there is no federal constitutional right to a preliminary hearing. *Harris v. Estelle*, 487 F2d 1293 (5th Cir. 1974), *citing Lem Woon v. Oregon*, 229 U.S. 586, 33 S.Ct. 783 (1913). As such, this claim shall also be dismissed.

In sum, all of the plaintiff's allegations shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 9th day of April, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE